UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-60344-DPG

RICARDO VASQUEZ and ANTONIO ERVIN
on behalf of themselves and others similarly situated
under 29 U.S.C. 216(b)

    Plaintiff,
vs.

THE SCOTTS COMPANY LLC
EG SYSTEMS, INC., TRUGREEN, INC., and
TRUGREEN LIMITED PARTNERSHIP

    Defendants
_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, RICARDO VASQUEZ ("VASQUEZ") and ANTONIO ERVIN ("ERVIN") (collectively referred to as "Plaintiffs"), bring this action on behalf of themselves and other current and former similarly situated employees against Defendants, THE SCOTTS COMPANY LLC., EG SYSTEMS, INC. (collectively referred to as "SCOTTS"), TRUGREEN, INC., and TRUGREEN LIMITED PARTNERSHIP (collectively referred to as "TRUGREEN"), all Defendants are collectively referred to as ("Defendants"), to recover overtime compensation, liquidated damages, costs and reasonable attorneys' fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and, in support thereof, state as follows:

## PARTIES

1.     VASQUEZ worked for SCOTTS from approximately March 2013 until September 2015. VASQUEZ worked as a lawn care technician in Miami-Dade County, Florida and was paid $13.75 per hour for the first forty (40) hours worked each week. VASQUEZ was then paid a lesser

amount, approximately $4.00 to $5.00 per hour for every hour worked over forty (40) in each workweek.

2. ERVIN worked for SCOTTS from approximately 2011 until approximately July 2014. ERVIN also worked as a lawn care technician in Miami-Dade County, Florida and was compensated in the same manner as VASQUEZ.

3. SCOTTS is a Foreign Limited Liability Company that conducts business in Miami-Dade County, Florida, which is within the jurisdiction of this Court.

4. EG SYSTEMS, INC. is a Foreign Profit Corporation that conducts business in Miami-Dade County, Florida, which is within the jurisdiction of this Court.

5. TRUGREEN INC. is a Foreign Profit Corporation that conducts business in Miami-Dade County, Florida, which is within the jurisdiction of this Court.

6. TRUGREEN LIMITED PARTNERSHIP is a Foreign Limited Partnership that conducts business in Miami-Dade County, Florida, which is within the jurisdiction of this Court.

7. On or about January 1, 2017, TRUGREEN purchased, acquired and/or merged with a division of SCOTTS and currently employs many Plaintiffs who previously worked for SCOTTS and who have opted-in to this lawsuit.

8. Under information and belief, TRUGREEN is a successor in interest to SCOTTS.

9. Defendants, directly or indirectly, acted in the interest of an employer toward Plaintiffs and other similarly situated employees at all material times, including, without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiffs and other similarly situated employees.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

10. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

11. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods and/or materials that has been moved in or produced for commerce.

12. Based upon information and belief, the annual gross sales volume of Defendants was in excess of $500,000.00 per annum at all time material hereto.

13. At all times pertinent to this Complaint, Defendants were an enterprise in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

14. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

15. The Court has jurisdiction over Defendants, and over Plaintiffs and any other plaintiffs joining this lawsuit in that the acts from which this lawsuit arise occurred in southeast Florida.

16. Plaintiffs and other similarly situated non-exempt, hourly employees regularly worked overtime hours. Defendants, however, failed to compensate Plaintiffs and other similarly situated employees at time and one-half their regular rates of pay for the overtime hours they worked.

17. Instead, Defendants seemingly used the fluctuating workweek method for calculating Plaintiffs' and other similarly situated employees' overtime rates of pay. By doing so, Defendants paid Plaintiffs and other similarly situated employees a half-time rate for all overtime hours worked.

18. Defendants failed to comply with the requirements of the FLSA by failing to inform Plaintiffs and other similarly situated employees how their pay was being calculated.

19. Moreover, Defendants failed to pay Plaintiffs and other similarly situated employees a fixed wage no matter how many hours they worked, whether few or many.

20. Rather, Defendants paid Plaintiffs and other similarly situated employees differing amounts, including bonuses, that were tied to the hours worked and jobs completed.

21. By doing so, Defendants failed to comply with the requirements necessary for application of the fluctuating workweek method of payment under the FLSA by paying Plaintiffs and other similarly situated employees less for their overtime hours than the amount required by law.

22. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-209 by not compensating Plaintiffs and other similarly situated employees the required amount for the overtime hours they worked.

23. The records, if any, concerning the number of hours actually worked and the compensation actually paid to the Plaintiffs and to similarly situated employees are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiffs will then seek leave of the Court to amend the Complaint for damages to set forth the precise amount due to them.

24. Defendants knew and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and similarly situated employees the statutory rate of time and one-half for all the hours they worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

25. Defendants failed to properly disclose or apprise Plaintiffs and similarly situated employees of their rights under the FLSA.

26. Plaintiffs and similarly situated employees are entitled to time and one-half of their regular rate of pay for each hour (or part thereof) worked over forty (40) in a work week, along with an equal amount of liquidated damages.

27. Plaintiffs have retained the undersigned counsel to represent them in this action. Pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATION

28. Plaintiffs re-allege paragraphs 1-27 above and incorporate the same herein by this reference.

29. Plaintiffs and all other similarly situated employees are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

30. By reason of Defendants' intentional, willful and unlawful acts, Plaintiffs and all other similarly situated employees have suffered damages, plus incurred costs and reasonable attorneys' fees.

31. As a result of Defendants' willful violation of the Act, Plaintiffs and the other similarly situated employees are entitled to liquidated damages.

WHEREFORE Plaintiffs, RICARDO VASQUEZ and ANTONIO ERVIN, on behalf of themselves and all similarly situated employees, some of whom have already opted in this lawsuit, demand judgment against Defendants, THE SCOTTS COMPANY LLC, EG SYSTEMS, INC., TRUGREEN INC., and TRUGREEN LIMITED PARTNERSHIP for the payment of all overtime

hours at one and one-half their regular rates of pay, liquidated damages; reasonable attorneys' fees and costs, and such further relief that this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury on all issues so triable by right of jury.

Dated: February 16, 2017

                              **GALLUP LAW**
                              *Counsel for Plaintiffs*
                              4000 Hollywood Boulevard
                              Presidential Circle-Suite 265 South
                              Hollywood, Florida 33021
                              Telephone: (954) 894-3035
                              Facsimile: (954) 894-8015
                              E-mail: jauerbach@gallup-law.com

By:    /s/ Jacob K. Auerbach_____
             JACOB K AUERBACH
             Florida Bar No.: 0084003