UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60344-GAYLES

**RICARDO VASQUEZ and ANTONIO ERVIN,**
*on behalf of themselves and others similarly situated under 29 U.S.C. § 216(b)*,
  Plaintiffs,

  v.

**THE SCOTTS COMPANY LLC, et al.,**
  Defendants.
_____/

**ORDER**

    **THIS CAUSE** came before the Court upon Plaintiffs' Motion for Preliminary Class Certification and to Permit Court Supervised Notice to Employees of their Opt-in Rights pursuant to 29 U.S.C. § 216(b) [ECF No. 21]. The Court has carefully considered the parties' briefs, the record in this case, and the applicable law and is otherwise fully advised in the premises.

    In this action, brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Plaintiffs Ricardo Vasquez and Antonio Ervin allege that Defendants The Scotts Company, LLC; EG Systems, Inc.; Trugreen, Inc.; and Trugreen Limited Partnership failed to pay overtime compensation to them and similarly situated employees in violation of the FLSA by improperly utilizing the fluctuating workweek method of payment. The two named Plaintiffs (as well as twenty-one opt-in Plaintiffs)[1] seek conditional certification of the following class:

    All current and former "lawn care technicians" (a.k.a. "territory service represent-

---

[1] This action was initially filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and was removed to this Court on February 15, 2017. At the time the case was removed, eighteen Plaintiffs had filed opt-in notices: Jeffrey Davidson, Oswald Campbell, Keith Vandervoord, Cleveland Roundtree, Clinton Seays, David Cummings, David Jean, Fritzner Derisme, Jaurel Moise, Julio Velez, Matthew Puya, Omar Vargas, Osner Exantus, Robert Lumbley, Rudolph Anderson, Teddrick Moffett, Thomas Turk, and Wilson Reboyras [ECF No. 1-1 at 17-38]. Since the Plaintiffs' motion for conditional certification became ripe, three additional Plaintiffs have filed opt-in notices: Juan Rengrifo, Troy Byron, and Phillip Lawrence [ECF Nos. 32 & 33].

atives") employed by Defendants and all other current and former employees of Defendants performing substantially similar duties to lawn care technicians who were paid for at least one workweek under the fluctuating workweek method of pay during the period of January 17, 2014, through the date of an Order granting conditional certification at any of Defendants' location[s] in the United States.

Pls.' Reply at 2 (citing Am. Compl. ¶¶ 16-22).[2]

## I. LEGAL STANDARD

Section 216(b) of the FLSA allows a plaintiff to bring a collective action on behalf of himself and other similarly situated employees. An FLSA collective action is "opt-in"; in other words, "an employee must consent in writing in order to be considered a party to the action." *Calderone v. Scott*, 838 F.3d 1101, 1103 (11th Cir. 2016). Collective actions in the Eleventh Circuit are managed in two stages. At the first stage—commonly called the "notice stage" or "conditional certification"—the district court must determine "whether other similarly situated employees should be notified" of the action. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). If the court approves conditional certification, putative class members receive notice of the action and are provided the opportunity to opt-in. *Id.* at 1259. The second stage occurs if the defendant moves to decertify the class, typically at or near the close of discovery. *Id.* at 1261. This stage is less lenient than the first, and the plaintiff bears a heavier burden before it can proceed. *Id.*

## II. DISCUSSION

At the outset, it is clear that there exist other employees who wish to opt-in to this action. "[T]he existence of just one other co-worker who desires to join in is sufficient to raise the [p]laintiff's contention beyond one of pure speculation." *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1283 (S.D. Fla. 2012) (citation and internal punctuation marks omitted). Twenty-

---

[2] The FLSA's implementing regulations permit an employer to use a method of payment, known as the "fluctuating workweek" method, where: (1) an employee is employed on a salary basis; (2) the employee's work hours fluctuate from week to week; (3) the employer and employee have a clear, mutual understanding that the employee will receive a fixed weekly salary regardless of the number of hours worked that is not less than the minimum wage; and (4) for all time worked in excess of forty hours in a given week, the employee receives at least a fifty-percent overtime premium in addition to the fixed weekly salary. 29 C.F.R. § 778.114.

one individuals have already filed consents to join. This is a sufficient showing for purposes of the conditional certification analysis.

The Court now turns to the similarly situated portion of the analysis. The FLSA does not define "similarly situated," and the Eleventh Circuit has not adopted a precise definition of the term. *Morgan*, 551 F.3d at 1259. A plaintiff can meet his burden by showing that there are other employees who desire to opt-in to the action and who are similarly situated with regard to their job requirements and pay provisions. *See Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). "[T]his requirement is 'not particularly stringent': opt-in plaintiffs 'need show only that their positions are similar, not identical, to the positions held by the putative class members.'" *Calderone*, 838 F.3d at 1104 (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1214, 1217 (11th Cir. 2001) (per curiam)); *see also Blake v. Batmasian*, 197 F. Supp. 3d 1367, 1370-71 (S.D. Fla. 2016) ("[A] plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of duties and pay provisions." (citation omitted)). Factors a court may consider include:

> (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; [and] (5) the extent to which the actions which constitute the violations claimed by [the p]laintiffs are similar.

*Smith v. Tradesmen Int'l, Inc.*, 289 F. Supp. 2d 1369, 1372 (S.D. Fla. 2003) (citation omitted). While the above factors are not necessarily determinative of status as similarly situated employees, and no one factor is dispositive, *Reyes v. Carnival Corp.*, No. 04-21861, 2005 WL 4891058, at *7 (S.D. Fla. May 25, 2005), they are "insightful and helpful," *Meggs v. Condotte Am. Inc.*, No. 12-20876, 2012 WL 3562031, at *3 n.5 (S.D. Fla. Aug. 17, 2012).

"Courts routinely conditionally certify a class where the plaintiff has filed affidavits and/or notices of consent to join that demonstrate how the named plaintiff and the putative class members are similarly situated." *Izquidero v. Solar Bear Servs., Inc.*, No. 16-22790, 2017 WL 606347, at *3 (S.D. Fla. Feb. 15, 2017) (citing *Joseph v. Family Preservation Servs. of Fla., Inc.*, No. 10-81206, 2011 WL 1790167 (S.D. Fla. May 10, 2011) (holding that the plaintiffs and the putative class members were similarly situated where all seven affidavits filed alleged that the employees had the same responsibilities and duties as the plaintiffs, they were all paid a salary, and routinely worked over forty hours a week)). Here, Vasquez and Ervin proffer affidavits to demonstrate how they and the potential opt-in plaintiffs are similarly situated. All worked as lawn care technicians, with the same compensation, duties, and work schedules. And all worked more than forty hours per week but were not paid time-and-a-half for hours worked in excess of forty hours per week. Based on this showing, the Court finds that the named Plaintiffs have more than satisfied their light burden at this stage to establish that the other potential opt-in Plaintiffs are similarly situated to them. Conditional certification of this collective action is warranted.[3]

Finally, having considered the parties' various arguments, the Court shall define the class in what it believes are the most accurate and appropriate terms.

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs Ricardo Vasquez and Antonio Ervin's Motion for Preliminary Class Certification and to Permit Court Supervised Notice to Employees of their Opt-in Rights pursuant to 29 U.S.C. § 216(b) [ECF No. 21] is **GRANTED IN PART** as follows:

---

[3]  The Court declines to address the Defendants' arguments that the Plaintiffs' allegations that the Defendants misapplied the functioning workweek method are not common to the class. These arguments are more appropriately raised in a second-stage decertification motion.

(1) the following class is conditionally certified:

**All current and former "lawn care technicians" (a.k.a. "territory service representatives") employed by The Scotts Company, LLC; EG Systems, Inc.; TruGreen, Inc.; and TruGreen Limited Partnership and all other current and former employees of The Scotts Company, LLC; EG Systems, Inc.; TruGreen, Inc.; and TruGreen Limited Partnership performing substantially similar duties to lawn care technicians who worked more than forty hours in one or more workweeks of their employment and who were paid one-half of their regular hourly rate for hours worked in excess of forty hours in those workweeks during the period of January 17, 2014, through** [DATE OF ORDER] **at any of The Scotts Company, LLC; EG Systems, Inc.; TruGreen, Inc.; and TruGreen Limited Partnership's locations in the United States.**

(2) within fourteen days of the date of this Order, the parties shall meet and confer and shall file a joint proposed Notice of Lawsuit which conforms to the above-defined class, as well as a joint proposed Consent to Join Form which contains an area for the opt-ins to write in their job title, the location where they worked, and their start and end dates; and

(3) within fourteen days of the date of this Order, the Defendants shall produce to the Plaintiffs a computer readable data file containing the names, addresses, telephone numbers, and e-mail addresses of all members of the conditional collective action.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of July, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

5