UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60344-CIV-SMITH

RICARDO VASQUEZ, *et al.*,

    Plaintiffs,

v.

THE SCOTTS COMPANY, LLC, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Final Approval of the Class and Collective Action Settlement Agreement and Approval of Service Awards [DE 926], Plaintiffs' Motion for Approval of Attorneys' Fees and Reimbursement of Expenses [DE 927], and Plaintiffs' Motion for Approval of Service Awards [DE 928] (collectively, the "Settlement Motions").

On October 15, 2020, the Court granted preliminary approval to the Class and Collective Action Settlement Agreement [DE 916-2] (the "Settlement Agreement") between Plaintiffs Antonio Ervin, Kyle Borgailo, Colin Rogers, Matthew Shedron, Alexander Ramirez, and Michael Melchior (collectively, "Plaintiffs"), on behalf of themselves and all settlement class members, and Defendants The Scotts Company, LLC, EG Systems, Inc., TruGreen, Inc., and TruGreen Limited Partnership (collectively, "Defendants").[1] The Court also provisionally certified the Settlement Classes for settlement purposes and approved the Class Action Settlement Notice, finding that the notice program is the best practical under the circumstances.

---

[1] Unless otherwise defined, capitalized terms herein have the definitions found in the Settlement Agreement.

On March 12, 2021, the Court held a duly noticed Final Approval Hearing. During the telephonic hearing, the Court considered the Settlement Motions and heard argument from counsel. The Court granted in part Plaintiffs' Motion for Final Approval of the Class and Collective Action Settlement Agreement and Approval of Service Awards, granted Plaintiffs' Motion for Approval of Attorneys' Fees and Reimbursement of Expenses, and denied Plaintiffs' Motion for Approval of Service Awards.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**I.       JURISDICTION OF THE COURT**

1. The Court has personal jurisdiction over the parties, the Rule 23 Class Members, and the FLSA Collective Members. Venue is proper. The Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, the Court hereby retains jurisdiction to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the parties had engaged in extensive settlement discussions and after the exchange of discovery, including information about the size and scope of the several Settlement Classes. Counsel for the parties were, therefore, well informed and positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23 have been satisfied for settlement purposes for each settlement class member, in that: (a) the number of settlement class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the settlement classes; (c) the claims of Plaintiffs are typical of the claims of the respective settlement classes each Plaintiff seeks to represent; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the settlement classes for purposes of entering into a Settlement Agreement; (e) the questions of law and fact common to the settlement class members predominate over any questions affecting any individual settlement class member; (f) the settlement classes are ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.  CERTIFICATION OF SETTLEMENT CLASSES

4. Pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies the following Settlement Classes, as identified in the Settlement Agreement:

> a. All Territory Service Representatives who are not FLSA Collective Members under the Agreement and who were paid overtime compensation pursuant to the "fluctuating workweek" method during their employment with Defendants in the State of Illinois at any time during the period September 13, 2015 through December 31, 2016, but excluding any Territory Service Representatives who are covered by the settlement agreement in *Larkin, et al. v. The Scotts Company, LLC, et al.*, Case No. 1:13-cv-01363-AKH (S.D.N.Y.), except to the extent any Territory Service Representatives covered by the *Larkin* settlement agreement were employed by one or more of the Defendants and paid pursuant to the "fluctuating workweek" method for work performed after September 23, 2016.

> b. All Territory Service Representatives who are not FLSA Collective Members under the Agreement and who were paid overtime compensation pursuant to the "fluctuating workweek" method during their employment with Defendants in the State of Kentucky at any time during the period September 13, 2013 through December 31, 2016, but excluding any Territory Service Representatives who are covered by the settlement agreement in *Larkin, et al. v. The Scotts Company, LLC, et al.*, Case No. 1:13-cv-01363-AKH (S.D.N.Y.), except to the extent any Territory Service Representatives covered by the *Larkin* settlement agreement were employed by one or more of the Defendants and paid

pursuant to the "fluctuating workweek" method for work performed after September 23, 2016.

c. All Territory Service Representative who are not FLSA Collective Members under the Agreement and who were paid overtime compensation pursuant to the "fluctuating workweek" method during their employment with Defendants in the State of Michigan at any time during the period September 13, 2015 through December 31, 2016, but excluding any Territory Service Representatives who are covered by the settlement agreement in *Larkin, et al. v. The Scotts Company, LLC, et al.*, Case No. 1:13-cv-01363-AKH (S.D.N.Y.), except to the extent any Territory Service Representatives covered by the *Larkin* settlement agreement were employed by one or more of the Defendants and paid pursuant to the "fluctuating workweek" method for work performed after September 23, 2016.

d. All Territory Service Representatives who are not FLSA Collective Members under the Agreement and who were paid overtime compensation pursuant to the "fluctuating workweek" method during their employment with Defendants in the State of Oregon at any time during the period September 13, 2012 through December 31, 2016, but excluding any Territory Service Representatives who are covered by the settlement agreement in *Larkin, et al. v. The Scotts Company, LLC, et al.*, Case No. 1:13-cv-01363-AKH (S.D.N.Y.), except to the extent any Territory Service Representatives covered by the *Larkin* settlement agreement were employed by one or more of the Defendants and paid pursuant to the "fluctuating workweek" method for work performed after September 23, 2016.

e. All Territory Service Representatives who are not FLSA Collective Members under the Agreement and who were paid overtime compensation pursuant to the "fluctuating workweek" method during their employment with Defendants in the State of Washington at any time during the period September 13, 2015 though December 31, 2016, but excluding any Territory Service Representatives who are covered by the settlement agreement in *Larkin, et al. v. The Scotts Company, LLC, et al.*, Case No. 1:13-cv-01363-AKH (S.D.N.Y.), except to the extent any Territory Service Representatives covered by the *Larkin* settlement agreement were employed by one or more of the Defendants and paid pursuant to the "fluctuating workweek" method for work performed after September 23, 2016.

Excluded from any Settlement Class are: (1) the district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and any person within the third-degree of relationship to any of them; (2) individuals who are or were during the relevant period of time agents, directors, employees, officers, or servants of any released parties; (3) Class Counsel and their employees, and (4) all persons who

4

file a timely and proper request to be excluded from the Settlement Classes in accordance with the terms of the Settlement Agreement and the Rule 23 Class Members Notice.

### III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5. The Court finally appoints Andrew R. Frisch, of the firm Morgan & Morgan, P.A., Jason R. Bristol, of the firm Cohen, Rosenthal, & Kramer, LLP, and Jacob Auerbach, of the firm Gallup Auerbach, as Class Counsel for the Settlement Classes.

6. The Court finally designates Plaintiffs Antonio Ervin, Kyle Borgailo, Colin Rogers, Matthew Shedron, Alexander Ramirez, and Michael Melchior as Class Representatives.

### IV. NOTICE AND CLAIMS PROCESS

7. The Court makes the following findings on notice to the Settlement Classes:

    a. The Court finds that the distribution of the Rule 23 Class Member Notice, as provided for in Paragraph 8 of the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to the Rule 23 Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Rule 23 Class Members of, among other things, the pendency of this class action lawsuit, the nature and terms of the proposed Settlement Agreement, their right to object or to exclude themselves from the proposed Settlement Agreement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, the Rules of this Court, and other applicable law.

    b. The Court finds that the Rule 23 Class Member Notice and procedure set forth in Paragraph 8 of the Settlement Agreement, the Preliminary Approval Order, and this

Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, and of applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Rule 23 Class Members; and (iii) comply fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, the Rules of this Court, and other applicable law.

## V.     FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT

8. The Court approves the Settlement Agreement and all terms set forth in the Settlement Agreement, with the exception of the Service Awards which are hereby stricken from the Settlement Agreement pursuant to *Johnson v. NPAS Solutions, LLC,* 975 F.3d 1244 (11th Cir. 2020),  and finds that the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act.  The Settlement Agreement is, in all respects, fair, reasonable, adequate, not a product of collusion, and the resolution of a bona fide dispute.  *See* Fed. R. Civ. P. 23(e); *see also Lynn's Food Stores, Inc. United States,* 679 F.2d 1350 (11th Cir. 1982).

## VI.    ADMINISTRATION OF THE SETTLEMENT

9. The parties are hereby directed to implement the Settlement Agreement according to its terms and provision.

10. The Court hereby approves Class Counsel's request for attorney's fees, costs, and expenses and awards Class Counsel **$1,028,332.96  in attorneys' fees** and **$39,715.30 for costs** and expenses incurred, which amounts to thirty-three and one-third percent (33 1/3%) of the Maximum Settlement Payment.  The Court finds the requested fees reasonable under the percentage of the fund for the reasons set forth herein.  The award of attorneys' fees and costs to

Class Counsel shall be paid from the settlement fund within the time period and manner set forth in the Settlement Agreement.

11. The Court awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Plaintiffs, FLSA Collective Members, and Rule 23 Class Members by obtaining Defendants' agreement to make significant funds available to Plaintiffs, FLSA Collective Members, and Rule 23 Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement and for the Plaintiffs, FLSA Collective Members, and Rule 23 Class Members, in spite of Defendants' possible legal defenses and their experienced and capable counsel; and (e) the Rule 23 Class Member Notice informed Rule 23 Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement.

12. In addition, the Court has applied the factors articulated in *Camden I Condominium Association, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested. The Court finds and concludes that the following applicable factors support the requested award for attorneys' fees and costs.

### a. Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed

The work required of Class Counsel was extensive. Their efforts required work representing Plaintiffs, FLSA Collective Members, and Rule 23 Class Members without compensation. Class Counsel engaged in substantial and voluminous discovery before agreeing

7

to settle the case. Class Counsel have expended in excess of 1,700 hours investigating, litigating, and resolving this case. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

### b. Case Involved Difficult Issues, Risk of Nonpayment and Not Prevailing on the Claims was High

This case involved complex substantive issues, which presented a significant risk of nonpayment, including uncertainty on class certification, and contested issues. There were several disputed questions of law and fact, including the application of the Fair Labors Standard Act, the fluctuating workweek evaluated under the relevant circumstances, and the proper measure of Plaintiffs' damages. Class Counsel prosecuted this action entirely on a contingent fee basis, and in doing so, Class Counsel assumed a significant risk of nonpayment or underpayment.

### c. Class Counsel Achieved an Excellent Result of the Settlement Class

Class Counsel achieved excellent monetary results for Plaintiffs' FSLA Collective Members, and Rule 23 Class Members. Class Counsel achieved a Maximum Settlement Amount equal to $3,084,999.

### d. The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases

Class Counsel seek attorneys' fees in the amount of thirty-three and one-third percent (33 1/3 %) of the total Maximum Settlement Amount. The attorneys' fees sought in this case are consistent with those that have been routinely held as reasonable in other class action settlements within the Eleventh Circuit. *See, e.g., Seghroughni v. Advantus Rest., Inc.*, No. 8:12-cv-2000-T-23TBM, 2015 WL 2255278, at *1 (M.D. Fla. May 13, 2015) ("An attorney's fee . . . which is one-third of the settlement fund . . . is fair and reasonable in light of the results obtained by the Lead Counsel, the risks associated with this action, the Lead Counsel's ability and experience in class action litigation, and fee awards in comparable cases."); *Wolff v. Cash 4 Titles*, No. 03-22778-CIV,

2012 WL 5290155, at *4 (S.D. Fla. Sept. 26, 2012) ("One-third of the recovery is considered standard in a contingency fee agreement."); *Hosier v. Mattress Firm, Inc.*, No. 3:10-cv-294-J-32-JRK, 2012 WL 2813960, at *4 (M.D. Fla. June 8, 2012) (approving a common fund FLSA settlement which provided 30% of the common fund for attorneys' fees and costs); *Morefield v. NoteWorld, LLC,* No. 1:10-CV-00117, 2012 WL 1355573, at *5 (S.D. Ga. April 18, 2012) (class settlement approved with 33 1/3 % of the common fund payable as attorneys' fees). The outcome in this case was made possible by Class Counsel's extensive experience in litigating class action cases of similar size, scope, and complexity to the instant action. Accordingly, Class Counsel will be awarded thirty-three and one-third percent (33 1/3 %) of the Maximum Settlement Amount, which amounts to $1,028,332.96.

    e. **This Case Required a High Level of Skill**

Given the level of complexity of this lawsuit, the attorneys on both sides of the case were required to have an exceptional amount of skill and knowledge in wage and hour law. Notwithstanding the complexity of the lawsuit and the associated risks discussed above, Class Counsel achieved an excellent result. Class Counsel achieved a settlement that confers monetary benefits to Plaintiffs, FLSA Collective Members, and Rule 23 Class Members despite the hard-fought litigation against sophisticated and well-financed defendants represented by exceptional counsel.

**VII.   RELEASE OF CLAIMS**

    13. Upon entry of this Final Approval Order, Plaintiffs, all FLSA Collective Members, and all Participating Rule 23 Class Members shall, by operation of this Final Approval Order, have fully, finally, and forever released, relinquished, and discharged the Released Parties from any and all claims relating to unpaid wages arising on or before December 31, 2016, as set forth in the

Settlement Agreement, and attorneys' fees and costs to date related to such claims as set forth in the Settlement Agreement.

## VIII. NO ADMISSION OF LIABILITY

18. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

    a. offered by any person or received against any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by the Released Parties of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the case or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the case or in any litigation, or of any liability, negligence, fault, or wrongdoing by any Released Party;

    b. offered by any person or received against any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by any Released Party; or

    c. offered by any person or received against any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX. OTHER PROVISIONS

22. This case is dismissed with prejudice and without cost to any party, except as otherwise provided herein. All Plaintiffs, FLSA Collective Members, and Rule 23 Class Members are barred

and permanently enjoined from participating in any other individual or class lawsuit against the Releasees concerning the claims released under this Settlement Agreement.

23. The parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order is hereby entered as a final order.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 24th day of May, 2021.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   Counsel of record